IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANA D. ROMERO,

    Plaintiff,

vs.                                No. CIV 97-1192JP/LFG

STATE OF NEW MEXICO, TAXATION
AND REVENUE DEPARTMENT,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff's Complaint was filed September 5, 1997. On March 13, 1998, Defendant filed its "Limited Entry of Appearance and Memorandum in Support of Motion to Dismiss for Failure to Effect Service" (Docket No. 4). On March 26, 1998, Plaintiff filed a response to the motion which was followed by the filing of Defendant's reply on April 3, 1998. Having considered the Motion and related briefs, I conclude that the Motion to Dismiss should be denied, on conditions, and that Plaintiff should be afforded additional time within which to serve process on the Defendant.

FED. R. CIV. P. 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Plaintiff has failed to show "good cause for the failure" to serve process within the 120 days after the filing of the complaint specified in Rule 4(m). However, even though Plaintiff failed

to make a showing of good cause for the failure, the court has discretion to dismiss the action without prejudice as to the unserved Defendant, or to direct Plaintiff to effect service within a specified time. Espinosa v. U.S., 52 F.3d 838 (10th Cir. 1995). The parties apparently are in agreement that dismissing this action without prejudice would effectively bar Plaintiff from pursuing her Title VII claim. The information presented by the briefs suggests that the Plaintiff's lawyer, not the Plaintiff personally, had the responsibility of effectuating service. The Plaintiff should not suffer the extreme punishment of dismissal of her lawsuit because of the defalcations of her attorney. Consequently, Plaintiff should be given an appropriate extension of time to effectuate service. The court finds that an appropriate extension would be a thirty-day period ending July 15, 1998.

The Response to Motion to Dismiss does not even show excusable neglect for the failure to comply with Rule 4(m). Hence, it is appropriate to deny the Defendant's Motion to Dismiss on the condition that counsel for the Plaintiff reimburse Defendant its costs and attorney's fees incurred in filing the Motion to Dismiss and related briefs, if the Defendant wishes to have that sanction imposed.

    THEREFORE, IT IS ORDERED THAT:

1. In accordance with Rule 4(m), the time for Plaintiff making service on the Defendant is extended to July 15, 1998; and

2. Defendant's Motion to Dismiss is denied on the condition that counsel of record for the Plaintiff reimburse Defendant its attorney's fees and costs incurred in filing the Motion to Dismiss and related briefs, if Defendant seeks that remedy; and

3. If Defendant wishes to be awarded its costs and attorney's fees, it must, by July 1,

1998, file with the court and serve on counsel for the Plaintiff a statement of

Defendant's attorney's fees and costs incurred in filing the Motion to Dismiss and

the related briefs.

_____
UNITED STATES DISTRICT JUDGE